# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROBERT L. DAVIS, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-cv-0256-DGK |
| DEBT CO COLLECTIONS, | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises from *pro se* Plaintiff Robert Davis, Jr.'s allegations that Defendant Debt Co Collections ("Defendant") violated his rights under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et. seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et. seq*.

Now before the Court is Defendant's motion to dismiss for failure to state a claim. ECF No. 6. Because the Complaint fails to provide sufficient factual content as to what Defendant allegedly did to violate either statute, the motion is GRANTED. Plaintiff's claims are dismissed without prejudice.

## Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Background

The Complaint is written on a court provided form which Plaintiff has filled in with brief answers to a series of questions. ECF No. 3. The relevant questions and answers are as follows.

Section III(A) asks,"[w]here did the events giving rise to your claims occur[s]?" Plaintiff wrote, "Consumer Credit Reporting." *Id.* at 4.

Section III(B) asks, "[w]hat date and approximate time did the events giving rise to your claim(s) occur?" Plaintiff responded, "01/07/2021." *Id.*

Section III(C) asks, "[w]hat are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)." Plaintiff answered, "First, DEBT CO is in Violation of the consumer rights 15 USC 1692 (Fair Debt Collection Practices Act). Second, DEBT CO is in Violation of the consumer rights 15 USC 1681 (Fair Credit Reporting Act)."

Also attached to the Complaint is "Exhibit A," a collection of nine papers that appear generally related to Plaintiff's dispute with Defendant. ECF No. 3-2. Although most of the

2

Case 4:21-cv-00256-DGK   Document 16   Filed 09/15/21   Page 2 of 5

documents do not shed any particular light on Plaintiff's claims, two are notable. The first is a letter from Paul VanOosbree, Collection Manager for Defendant. *Id*. at 4. In relevant part, it states that Defendant's client, Minor Ridge/Liberty Comm Apartments, "was unable to provide the documentation for [the next few lines are illegible]." The bottom of the letter states, "This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." Related to this letter, Plaintiff's opposition to the motion to dismiss asserts

> [Defendant] has clearly admitted to the violation/individual actions of (FDCPA) and the (FCRA) as seen in [Exhibit A], which is a letter written by Collection Manager, Paul VanOosbree . . . stating that since their 'client was unable to provide the documentation' the bad debt being furnished on plaintiff's consumer credit report by [Defendant] was removed and deletion is admission.

Pl.'s Opp'n to Def.'s Mot. to Dismiss at 1-2, ECF No. 10.

The second document is titled "Affidavit of Truth." It begins by asserting that Plaintiff is:

> the consumer in fact, natural person, original creditor, lender, executor, administrator, holder in due course for any and all derivatives therefore for the surname/given name ROBERT LEWIS DAVIS JR, and I have been appointed and accept being the executor both public and private for all matters proceeding, and I hereby claim that I will d/b/a ROBERT LEWIS DAVIS JR and autograph as the agent, attorney in fact, so be it;

*Id*. at 5. Towards the end of the "affidavit," it states,

> Fact, affiant is aware and has proof in attachment labeled as exhibit A that DEBT CO COLLECTIONS is in violation of 15 USC 1692.
>
> Fact, affiant is aware and has proof I attachment labeled as exhibit B that DEBT CO COLLECTIONS is in violation of 15 USC 1692d(1).

3

*Id*.

## Discussion

To state a prima facie case for a violation of the FDCPA, a plaintiff must allege: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the debt collector attempted to collect a debt; and (4) the debt collector violated the FDCPA in some manner. *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011)). Even read very liberally, the Complaint does not allege all of these elements. Assuming the letter in Exhibit A was sufficient to plead that Plaintiff is a consumer under the statute and Defendant is a debt collector who was attempting collect a debt from Plaintiff, nothing in the Complaint alleges how Defendant purportedly violated the FDCPA. While pro se complaints are construed liberally, "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Thus, the Complaint fails to state an FDCPA claim.

The allegations are also insufficient to state a claim under the FCRA. Unlike the FDCPA, the FCRA does not have a general set of requisite elements. It has different elements depending on the type of violation. For example, the elements of a claim brought under § 1681e(b) for failing to follow reasonable procedures to assure maximum possible accuracy of reported information, are different from the elements of a claim brought under § 1681b(a)(2) & (3) for accessing a credit report for an improper purpose. *See*, *e.g.*, *Reed v. Experian Info. Solutions, Inc.*, 321 F. Supp. 2d 1109, 1113-14 (D. Minn. 2004). The Complaint alleges Defendant "is in Violation of consumer rights 15 USC 1681 (Fair Credit Reporting Act)," but does not identify what type of violation Defendant committed, or how, why, or in what way Defendant committed it. Although the Court suspects Plaintiff is attempting to sue Defendant for a reporting violation, it is unclear what Plaintiff is specifically alleging occurred. Plaintiff's

allegation that Defendant "is in Violation of the consumer rights 15 USC 1681 (Fair Credit Reporting Act)" is a legal conclusion rather than a factual allegation, which does not satisfy the pleading requirement. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

## Conclusion

For the reasons discussed above, Defendant's motion to dismiss (Doc. 6) is GRANTED. All of Plaintiff's claims are dismissed without prejudice.

The remaining pending motions (ECF Nos. 12-15) are DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   September 15, 2021           /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT